# Exhibit A

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM

NYSCEF DOC. NO. 1

INDEX NO. 730874/2025

RECEIVED NYSCEF: 10/15/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
ROGELIO VAZQUEZ JUAREZ, as Father and natural
guardian of EMMANUEL VAZQUEZ GOMEZ, and
ROGELIO VAZQUEZ JUAREZ, individually,

                                Plaintiff,

           -against-

APPLE, INC. and AMAZON, INC.,

                              Defendants.

------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
Accident location

Accident occurred at:
14060 Guy R Brewer Boulevard
Jamaica, New York 11434.

County of Queens

**TO THE DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       October 15, 2025

                            Yours, etc.,

                            SANDERS, ARONOVA, GROSSMAN,
                            WOYCIK, VIENER & KALANT, PLLC

                                *Mark R. Bernstein*
                            BY: MARK R. BERNSTEIN, ESQ.
                            Attorneys for Plaintiffs
                            100 Garden City Plaza, Suite 408
                            Garden City, New York 11530
                            (516) 741-5252

TO:
      **APPLE, INC.**
      1 Apple Park Way
      Cupertino, California 95014

      **AMAZON, INC.**
      440 Terry Avenue N
      Seattle, Washington 98109

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM

NYSCEF DOC. NO. 1

INDEX NO. 730874/2025

RECEIVED NYSCEF: 10/15/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

-------------------------------------------------------------------X

ROGELIO VAZQUEZ JUAREZ, as Father and natural guardian of EMMANUEL VAZQUEZ GOMEZ, and ROGELIO VAZQUEZ JUAREZ, individually,

Plaintiff,

**VERIFIED COMPLAINT**

-against-

APPLE, INC. and AMAZON, INC.,

Defendants.

-------------------------------------------------------------------X

Plaintiff, by his attorneys, SANDERS, ARONOVA, GROSSMAN, WOYCIK, VIENER & KALANT, PLLC, complaining of the defendants, alleges as follows:

1.      That at all the times hereinafter mentioned, both the plaintiff and the infant plaintiff were and still is a resident of the County of Queens and State of New York.

2.      Plaintiff ROGELIO VAZQUEZ JUAREZ is the Father and natural guardian of infant plaintiff EMMANUEL VAZQUEZ GOMEZ.

3.      Upon information and belief, that at all the times hereinafter mentioned, defendant, APPLE, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4.      Upon information and belief, that at all the times hereinafter mentioned, defendant, APPLE, INC., is a foreign corporation authorized to do business in the State of New York.

5.      Upon information and belief, that at all the times hereinafter mentioned, defendant, APPLE, INC., was and still is a limited liability company doing business in the State of New York.

6.      Upon information and belief, that at all the times hereinafter mentioned, defendant, APPLE, INC., conducting business of selling products in the State of New York.

7.      Upon information and belief, that at all the times hereinafter mentioned, defendant, AMAZON, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM
NYSCEF DOC. NO. 1

INDEX NO. 730874/2025
RECEIVED NYSCEF: 10/15/2025

8. Upon information and belief, that at all the times hereinafter mentioned, defendant, AMAZON, INC., is a foreign corporation authorized to do business in the State of New York.

9. Upon information and belief, that at all the times hereinafter mentioned, defendant, AMAZON, INC., was and still is a limited liability company doing business in the State of New York.

10. Upon information and belief, that at all the times hereinafter mentioned, defendant, AMAZON, INC., conducting business of selling products in the State of New York.

11. That at all times herein mentioned, defendant, APPLE, INC., designed a portable charger.

12. That at all times herein mentioned, defendant, APPLE, INC., manufactured a portable charger.

13. That at all times herein mentioned, defendant, APPLE, INC., manufactured a portable charger with the designation "Magsafe Portable Charger; Wireless Magnetic Power Bank With Stand and USB C In/Out Fast Charging; For Magsafe Battery Pack Compatible with IPhone 15/14/13/12 Por/Pro Max Series Black".

14. That at all times herein mentioned, defendant, APPLE, INC., distributed a portable charger.

15. That at all times herein mentioned, defendant, APPLE, INC., distributed a portable charger with the designation "Magsafe Portable Charger; Wireless Magnetic Power Bank With Stand and USB C In/Out Fast Charging; For Magsafe Battery Pack Compatible with IPhone 15/14/13/12 Por/Pro Max Series Black".

16. That at all times hereinafter mentioned, defendant, APPLE, INC., its agents and/or employees, were retail sellers of a portable charger.

17. That at all times hereinafter mentioned, defendant, APPLE, INC., its agents and/or employees, were retail sellers of a portable charger with the designation "Magsafe Portable Charger; Wireless Magnetic Power Bank With Stand and USB C In/Out Fast Charging; For Magsafe Battery Pack Compatible with IPhone 15/14/13/12 Por/Pro Max Series Black".

18. That at all times herein mentioned, defendant, APPLE, INC., sold a portable charger.

19. That at all times herein mentioned, defendant, APPLE, INC., sold a portable charger with the designation "Magsafe Portable Charger; Wireless Magnetic Power Bank With Stand and USB C In/Out Fast Charging; For Magsafe Battery Pack Compatible with IPhone 15/14/13/12 Por/Pro Max Series Black".

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM
NYSCEF DOC. NO. 1

INDEX NO. 730874/2025
RECEIVED NYSCEF: 10/15/2025

20.    That at all times herein mentioned, defendant, AMAZON, INC., distributed a portable charger.

21.    That at all times herein mentioned, defendant, AMAZON, INC., distributed a portable charger with the designation "Magsafe Portable Charger; Wireless Magnetic Power Bank With Stand and USB C In/Out Fast Charging; For Magsafe Battery Pack Compatible with IPhone 15/14/13/12 Por/Pro Max Series Black".

22.    That at all times hereinafter mentioned, defendant, AMAZON, INC., its agents and/or employees, were retail sellers of a portable charger.

23.    That at all times hereinafter mentioned, defendant, AMAZON, INC., its agents and/or employees, were retail sellers of a portable charger with the designation "Magsafe Portable Charger; Wireless Magnetic Power Bank With Stand and USB C In/Out Fast Charging; For Magsafe Battery Pack Compatible with IPhone 15/14/13/12 Por/Pro Max Series Black".

24.    That at all times herein mentioned, defendant, AMAZON, INC., sold a portable charger.

25.    That at all times herein mentioned, defendant, AMAZON, INC., sold a portable charger with the designation "Magsafe Portable Charger; Wireless Magnetic Power Bank With Stand and USB C In/Out Fast Charging; For Magsafe Battery Pack Compatible with IPhone 15/14/13/12 Por/Pro Max Series Black".

## AS AND FOR A FIRST CAUSE OF ACTION

26.    The plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs of the complaint designated "1" through "24," inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

27.    That on or about the 21st day of July, 2025, infant plaintiff, EMMANUEL VAZQUEZ GOMEZ, was injured by the aforesaid portable charger designed, manufactured, distributed, retailed and sold by the defendants at 14060 Guy R Brewer Boulevard, Queens, New York, when said portable charger exploded/caught fire because it was defectively and negligently designed, manufactured, distributed, retailed and sold thereby causing serious personal injuries.

28.    That at all times herein mentioned, and prior to the 21st day of July, 2025, said portable charger was in a dangerous, defective, and unsafe condition and not fit for its intended purpose.

29.    Prior to the occurrence alleged herein, defendant, APPLE, INC., designed a portable charger.

30.    Prior to the occurrence alleged herein, defendant, APPLE, INC., manufactured a portable charger.

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM

NYSCEF DOC. NO. 1

INDEX NO. 730874/2025

RECEIVED NYSCEF: 10/15/2025

31. Prior to the occurrence alleged herein, defendant, APPLE, INC., distributed a portable charger.

32. Prior to the occurrence alleged herein, defendant, APPLE, INC., placed a portable charger into the stream of commerce.

33. Prior to the occurrence alleged herein, defendant, APPLE, INC., sold a portable charger.

34. Prior to the occurrence alleged herein, defendant, APPLE, INC., its agents and/or employees, sold a portable charger to defendant, AMAZON, INC.

35. Prior to the occurrence alleged herein, defendant, AMAZON, INC., distributed a portable charger.

36. Prior to the occurrence alleged herein, defendant, AMAZON, INC., placed a portable charger into the stream of commerce.

37. Prior to the occurrence alleged herein, defendant, AMAZON, INC., sold a portable charger.

38. That the occurrence alleged herein was caused solely as a result of the defendants' negligence and infant plaintiff, EMMANUEL VAZQUEZ GOMEZ was caused to be severely injured and damaged to the extent which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION

39. The plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs of the complaint designated "1" through "37," inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

40. That at all times herein mentioned, and prior to the 21st day of July, 2025, said portable charger was in a dangerous, defective and unsafe condition and not fit for the purpose intended.

41. That a portable charger involved in the infant plaintiff's accident was defectively designed.

42. That a portable charger involved in the infant plaintiff's accident was defectively manufactured.

43. That the occurrence alleged herein happened solely as a result of the negligent and defective design of a portable charger manufactured, distributed, maintained and/or sold by defendants, their agents and/or employees.

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM    INDEX NO. 730874/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/15/2025

44.    That the occurrence alleged herein happened solely as a result of the negligent and defective manufacture of a portable charger with platform manufactured, distributed, maintained and/or sold by defendants, their agents and/or employees.

45.    That the infant plaintiff was unaware of the dangerous, defective nature and condition of a portable charger which was unsafe and unfit for the purpose for which it was intended.

46.    That as a result of defendants' negligent and defective design, manufacture and maintenance of a portable charger, infant plaintiff, EMMANUEL VAZQUEZ GOMEZ was caused to be severely injured and damaged to the extent which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION

47.    The plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs of the complaint designated "1" through "45," inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

48.    That defendants, their agents, servants and/or employees warranted and represented to all persons whom they could foresee would use a portable charger that it was in a safe, adequate and proper condition and was properly and adequately tested, inspected, assembled, distributed, serviced, and repaired and in proper operating condition, and that said product was harmless, free from defects and not in any way inherently dangerous and was in no way calculated to impair the life and limb of such persons who were carefully and prudently using the aforementioned portable charger for the purpose intended, and that the aforementioned portable charger was of merchantable quality and was fit for the purpose for which it was intended

49.    That the portable charger designed, manufactured, and distributed by defendants, was not safe, adequate, or in a proper condition nor was it properly and adequately tested, inspected, assembled, distributed, serviced, maintained and repaired nor was it free from defects and it was inherently dangerous to persons using said machine and it was unsafe and unfit for the purpose for which it was intended.

50.    The plaintiffs were unaware of said dangerous and defective condition of the portable charger with platform designed, manufactured, and distributed by defendants.

51.    That as a result of the breach of the said warranties and representations on the part of defendants, their servants, agents, and/or employees, in causing, allowing and permitting the aforementioned portable charger to be improperly and defectively tested, inspected, assembled, distributed, and maintained, and which was in an inherently dangerous and defective condition and unfit for use as intended, infant plaintiff, EMMANUEL VAZQUEZ GOMEZ, was caused to be severely injured and damaged.

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM    INDEX NO. 730874/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/15/2025

52.    That by reason of the foregoing infant plaintiff, EMMANUEL VAZQUEZ GOMEZ, was injured and damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A FOUTH CAUSE OF ACTION

53.    The plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs of the complaint designated "1" through "51," inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

54.    That at all the times herein mentioned defendants, assumed a strict liability to all persons to whom they could reasonably foresee would be injured by the dangerous and defective condition of a portable charger which was not fit for the purpose for which it was intended.

55.    That at all the times herein mentioned infant plaintiff, EMMANUEL VAZQUEZ GOMEZ, was covered by and included in the aforementioned strict liability assumed by and imposed upon defendants.

56.    That by reason of the foregoing, the defendant is strictly liable to infant plaintiff, EMMANUEL VAZQUEZ GOMEZ, suffered damages in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A FIFTH CAUSE OF ACTION

57.    This plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs of the complaint designated "1" through "55," inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

58.    That at all the times herein mentioned, defendants, failed to warn users and purchasers of a portable charger of the risks known to defendants regarding use or operation of the product.

59.    That defendants, breached their continuing duty to warn of defects in the portable charger upon discovery.

60.    That by reason of the foregoing infant plaintiff, EMMANUEL VAZQUEZ GOMEZ, suffered damages in an amount which exceeds the jurisdictional limits of all lower Courts.

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM

NYSCEF DOC. NO. 1

INDEX NO. 730874/2025

RECEIVED NYSCEF: 10/15/2025

**WHEREFORE**, plaintiff prays for judgment against defendants in the first cause of action for an amount which exceeds the jurisdictional limits of all lower Courts; in the second cause of action for an amount which exceeds the jurisdictional limits of all lower Courts; in the third cause of action for an amount which exceeds the jurisdictional limits of all lower Courts, and in the fourth cause of action for an amount which exceeds the jurisdictional limits of all lower Courts, in the fifth cause of action for an amount which exceeds the jurisdictional limits of all lower Courts and in the sixth cause of action for an amount which exceeds the jurisdictional limits of all lower Courts, all together with the costs and disbursements incurred herein, and for such other, further and different relief as the Court deems just and proper.

Dated: Garden City, New York
   October 15, 2025

Yours, etc.

SANDERS, ARONOVA, GROSSMAN,
WOYCIK, VIENER & KALANT, PLLC

*Mark R. Bernstein*
BY: MARK R. BERNSTEIN, ESQ.
Attorneys for Plaintiffs
100 Garden City Plaza, Suite 408
Garden City, New York 11530
(516) 741-5252

FILED: QUEENS COUNTY CLERK 10/15/2025 09:35 AM

NYSCEF DOC. NO. 1

INDEX NO. 730874/2025

RECEIVED NYSCEF: 10/15/2025

## ATTORNEY'S VERIFICATION

**MARK R. BERNSTEIN, ESQ.**, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SANDERS, ARONOVA, GROSSMAN, WOYCIK, VIENER & KALANT, PLLC, attorneys of record for Plaintiffs. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

Dated: Garden City, New York
      October 15, 2025

                                        *Mark R. Bernstein*
                                        MARK R. BERNSTEIN, ESQ.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-----------------------------------------------------------------**x**
ROGELIO VAZQUEZ JUAREZ, et al

Plaintiff/Petitioner,

- against -                                                          Index No. 730874/2025

APPLE, INC.. and AMAZON, INC.,
Defendant/Respondent.
-----------------------------------------------------------------**x**

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

• **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

• **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

• serving and filing your documents electronically

• free access to view and print your e-filed documents

• limiting your number of trips to the courthouse

• paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

• visit: www.nycourts.gov/efile-unrepresented or
• contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 10/15/25

Mark R. Bernstein                                       100 Garden City Plaza, Suite 500
Name                                                    Address

Sanders Law Firm                                        Garden City, NY 11530
Firm Name

                                                        516-741-5252
                                                        Phone

                                                        mbernstein@thesandersfirm.com
                                                        E-Mail

To:   All defendants

_____

_____

                                                        6/6/18

Index #                          Page 2 of 2                          EFM-1